FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:25-cr-02032-MKD-1 |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING PRETRIAL CONDITIONS OF RELEASE |
| v. | |
| ANTONIO SALDANA, | |
| Defendant. | ECF No. 24 |
| | **USMS ACTION REQUIRED** |

On Wednesday, April 30, 2025, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 24). Defendant was represented by court-appointed attorney Troy Lee. Assistant United States Attorney Letitia Sikes represented the United States.

The Court has considered the Indictment (ECF No. 1), Defendant's Motion to Reopen Detention Hearing (ECF No. 24), the Pretrial Services Report (ECF No. 17), the Supplemental Pretrial Services Report (ECF No. 25), and the arguments of counsel.

On March 17, 2025, the Court held a detention hearing and granted the United States' Motion for Detention (ECF No. 16). ECF No. 20. The Court indicated that the lack of verification of a stable release address for Defendant made it difficult to impose conditions to supervise Defendant. *Id*. However, the

ORDER - 1

1  Court noted that it would reconsider detention should Defendant present a verified,
2  stable release address.  *Id.*
3      Now, Defendant has filed a Motion to Reopen Detention (ECF No. 24)
4  indicating that United States Probation/Pretrial Services has verified Defendant's
5  proposed release address.  Neither United States Probation/Pretrial Services nor the
6  United States opposes Defendant's release.
7      First, the Court has determined that Defendant has presented evidence to
8  reopen detention pursuant to 18 U.S.C. § 3142(f).  A detention hearing may be
9  reopened if "information exists that was not known to the movant at the time of the
10 hearing and has a material bearing on whether there are conditions of release that
11 will reasonably assure the appearance of such person as required and the safety of
12 any other person and the community."  § 3142(f).
13     Defendant's presentation of a verified, stable release address is information
14 that may not have been known to Defendant and has a material bearing on
15 Defendant's risks of nonappearance and danger to the community.
16     Second, given the lack of opposition by all parties, the Court finds that
17 release is warranted.  Specifically, the Court finds that the United States has not
18 established by the required preponderance of evidence an absence of conditions or
19 combination of conditions of release that would reasonably assure Defendant's
20 appearance as required.  Furthermore, the United States has not established by

ORDER - 2

clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release. Finally, the Court advised Defendant that should he violate his conditions of release, the Court will return him to custody.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing (**ECF No. 24**) is **GRANTED.**

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id.*

3. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

4. Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law. Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of

ORDER - 3

any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

    2.    Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

    3.    Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

    4.    Defendant shall sign and complete form A.O. 199C before being released.

    5.    Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

    6.    Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

    7.    Defendant shall contact defense counsel at least once a week.

    8.    Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized

ORDER - 4

medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(n).

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or

ORDER - 5

treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

      5.      Defendant shall abstain totally from the use of alcohol.

      6.      Defendant shall submit to random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing that is required as a condition of release.

      7.      Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by United States Probation/Pretrial Services. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance

ORDER - 6

in the program.  It shall be the responsibility of defense counsel to provide such waivers.

**IT IS SO ORDERED.**

DATED May 1, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7